UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MR. JUAN PEREZ,<br><br>      Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, ET AL.,<br><br>      Respondent. | Case No. CV 18-0267-SVW (KK)<br><br>MEMORANDUM AND ORDER SUMMARILY DENYING PETITION AND DISMISSING ACTION |

**I.**

**INTRODUCTION**

Petitioner Juan J. Perez ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 1996 conviction and sentence for second degree robbery. As discussed below, the Court finds the Petition is a second or successive petition and thus, summarily DENIES the Petition and DISMISSES this action without prejudice.

///
///
///
///

## II.

## **BACKGROUND**

**A.     STATE COURT PROCEEDINGS**

On October 6, 1996, following a jury trial in California Superior Court for the County of Los Angeles, Petitioner was convicted of one count of second-degree robbery in violation of section 211 of the California Penal Code in Case No. BA143627.  See ECF Docket No. ("Dkt.") 1, Pet. at 2.  On February 4, 1997, Petitioner was sentenced to twenty-five years to life for second-degree robbery, plus an enhancement for a prior serious or violent felony for a total of thirty-three years to life.  Id.

On August 22, 1997, Petitioner filed a direct appeal in the California Court of Appeal.  See Cal. Courts, Appellate Courts Case Info., 2d Appellate Dist.: Docket, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1053465&doc_no=B114918&request_token=NiIwLSIkXkw%2BWyBRSCM9WE9JQFA6USxfIiNeIztRMCAgCg%3D%3D (last updated Feb. 26, 2018, 2:50 PM).[1]  The California Court of Appeal affirmed Petitioner's conviction with modifications on March 18, 1999, and issued a remittitur on May 25, 1999.  Id.; see also Pet. at 2-3.

In June 2015, Petitioner filed a habeas petition in the Los Angeles County Superior Court.  See Perez v. Hatton, Case No. CV 16-2775-SVW (KK), 2016 WL 4072020, at *1 (C.D. Cal. June 7, 2016).  On August 20, 2015, the Los Angeles County Superior Court denied the petition.  See id.

---

[1] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts.  Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

1     On October 19, 2015, Petitioner filed a habeas petition in the California Court of Appeal. See id. On November 13, 2015, the California Court of Appeal denied the petition. See id.

    On January 13, 2016, Petitioner filed a habeas petition in the California Supreme Court. See id. On March 30, 2016, the California Supreme Court denied the petition. See id.

**B.    FEDERAL HABEAS PROCEEDINGS**

    On April 17, 2016, Petitioner constructively filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2016 Petition") in this Court challenging his conviction for second-degree robbery in Case No. BA143627. Perez, 2016 WL 4072020, at *1. In the 2016 Petition, Petitioner raised the sole claim that he "suffered an illegal sentence on two strike priors." Id. On July 26, 2016, the Court denied the 2016 Petition as untimely and dismissed the action with prejudice. Perez v. Hatton, Case No. CV 16-2275-SVW (KK), 2016 WL 4084034 (C.D. Cal. July 26, 2016).

    On August 25, 2017, Petitioner filed a notice of appeal of the denial of the 2016 Petition in the Ninth Circuit. Perez, Case No. CV 16-2775-SVW (KK), Dkt. 12; Perez v. Hatton, No. 16-56291, 2017 WL 3976648 (9th Cir. Apr. 24, 2017). On April 24, 2017, the Ninth Circuit denied Petitioner's request for a certificate of appealability because Petitioner "had not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Perez, 2017 WL 3976648, at *1.

    On January 3, 2018, Petitioner constructively filed the instant Petition challenging his conviction for second-degree robbery in Case No. BA143627. Dkt. 1. Petitioner raises five grounds for relief in his Petition: (1) Miranda Right ("Claim One"); (2) Ineffective Assistance of Counsel ("Claim Two"); (3)

3

Prosecutorial Misconduct ("Claim Three"); (4) Equal Protection ("Claim Four"); and (5) Sentencing ("Claim Five"). Pet. at 5-6.

On January 22, 2018, the Court issued an Order to Show Cause ("OSC") why the Petition should not be summarily dismissed as a second or successive petition which has not been authorized by the Ninth Circuit. Dkt. 4, Order. The Court cautioned Petitioner that if he "fails to demonstrate the Petition is not a second or successive petition, or fails to respond within twenty-one (21) days of the date of this Order, the Court will dismiss the Petition without prejudice for lack of jurisdiction and/or failure to prosecute and obey court orders." Id. at 4.

The deadline to respond to the OSC has passed, and Petitioner has failed to file a response addressing why the Petition should not be dismissed as a second or successive petition, or request an extension of time in which to do so.

### III.

### **DISCUSSION**

**THE PETITION IS SUBJECT TO DISMISSAL AS A SECOND OR SUCCESSIVE PETITION**

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence. See 28 U.S.C. § 2244(b)(1). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). "A claim presented in a second or successive habeas corpus application under [S]ection 2254 that was not presented in a prior application shall be subject to dismissal unless" the new claims fall into one of the narrow exceptions outlined in Section 2244(b)(2)(A)-(B). 28 U.S.C. § 2244(b)(2). However, before a district court may even consider the claims within a second or successive petition, petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). Thus, district courts lack jurisdiction to consider unauthorized successive petitions and must

dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization. Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); see also 28 U.S.C. § 2244(b)(2).

Here, the instant Petition challenges the same conviction that was challenged in the 2016 Petition. See Dkt. 1, Pet. While the instant Petition is based on new claims, the Court lacks jurisdiction to consider the Petition because the Court dismissed the 2016 Petition as untimely, thus, rendering the instant Petition "second and successive." McNabb, 576 F.3d at 1029 ("[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits . . . and a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)."). Hence, because Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

## IV.
## **ORDER**

Thus, it is ORDERED that Judgment be entered summarily DENYING the Petition and DISMISSING this action without prejudice.

Dated: March 6, 2018

HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge